IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN HOWARD DAVIS<br><br>    Plaintiff,<br><br>  v.<br><br>SERGEANT DUTOIT, STEPHAN BROOD, OLIVIA CRAVEN, JOHN DOES 1-3, JANE DOE 1,<br><br>    Defendants. | Case No.  1:13-CV-474-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it for review a recommendation by Magistrate Judge Dale. For the reasons expressed below, the Court will adopt that recommendation in full as the Order of this Court.

## ANALYSIS

The Complaint of plaintiff Davis was conditionally filed due to his status as an inmate and his request for in forma pauperis status. The Court is required to review the complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2).

**Memorandum Decision & Order – page 1**

The Court referred this review to Magistrate Judge Dale, who issued a decision recommending that the case should be dismissed and transferring the case back to this Court. The Court agrees entirely with her well-written and thorough analysis and will adopt it as the decision of this Court.

Pursuant to *Swift v. State of California*, 384 F.3d 1184 (9th Cir. 2004), defendants Craven, and the John and Jane Does, are entitled to absolute quasi-judicial immunity and must be dismissed. These defendants made discretionary decisions in the parole revocation and re-parole process after weighing the evidence, and hence were engaged in the tasks identified by *Swift* as entitled to absolute quasi-judicial immunity.

The action against defendants Brood and Dutoit must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) because Davis's claims are essentially seeking immediate or a speedier release from prison. Finally, the claim that the defendants required Davis to forfeit 300 days of parole time must also be dismissed because this claim directly challenges the duration of his sentence and thus must be brought in habeas corpus.

This resolves all of Davis's claims. The Court will therefore order that this action be dismissed.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Initial Review Order (docket no. 7) be ADOPTED IN FULL AS THE DECISION OF THIS COURT and incorporated fully herein by reference.

**Memorandum Decision & Order – page 2**

IT IS FURTHER ORDERED, that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The action against defendants Dutoit and Brood is dismissed without prejudice.

IT IS FURTHER ORDERED, that the Court will enter a separate Judgment as required by Rule 58(a).

DATED: March 6, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court